MEMORANDUM **
Mariana Katarina Gunawan, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals’ order dismissing her appeal from an immigration judge’s (“IJ”) decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. *555 Reviewing for substantial evidence, Hoxha v. Ashcroft, 319 F.3d 1179, 1181-82 n. 4 (9th Cir.2003), we dismiss in part and deny in part the petition for review.
We lack jurisdiction to review the IJ’s determination that Gunawan failed to timely file her asylum application because the underlying facts are disputed. Cf. Ramadan v. Gonzales, 479 F.3d 646, 657-58 (9th Cir.2007) (per curiam).
Substantial evidence supports the IJ’s finding that the mistreatment Guna-wan encountered in Indonesia did not rise to the level of persecution. See Nagoulko v. INS, 333 F.3d 1012, 1016-17 (9th Cir.2003); Hoxha, 319 F.3d at 1182. Substantial evidence also supports the IJ’s conclusion that, even if Gunawan is a member of a disfavored group of Chinese Christian Indonesians, she failed to establish it is more likely than not she would be persecuted if she returns to Indonesia. See Hoxha, 319 F.3d at 1184-85; see also Lata v. INS, 204 F.3d 1241, 1245 (9th Cir.2000) (petitioner’s fear undermined by continued presence in country of origin without harassment). Further, the record does not establish that the religious strife in Indonesia amounts to a pattern or practice of persecution against Chinese Christian Indonesians. See Wakkary v. Holder, 558 F.3d 1049, 1060-62 (9th Cir.2009). Thus, Gunawan failed to establish she is eligible for withholding of removal.
Finally, substantial evidence supports the IJ’s denial of CAT relief because Gunawan failed to show it was more likely than not that she would be tortured if she returns to Indonesia. See Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir.2006).
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.